IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES DOLIS, # R-42411,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CASE NO. 12-cv-819-JPG |
| ) | |
| **BRAD ROBERT, DR. SANTOS,** ) | |
| **KREBS, McABEE, PITTS,** ) | |
| **C/O BURTON, BENTON, TAYLOR,** ) | |
| **GAETZ, S. A. GODINEZ,** ) | |
| **UNKNOWN PARTY, and** ) | |
| **WEXFORD HEALTH SERVICES, INC.,** ) | |
| ) | |
| ) | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that as a result of unconstitutional retaliation, he was found guilty of a false conduct violation and held in segregation under harsh conditions. Further, the prison doctor was deliberately indifferent to a serious medical condition.

More specifically, Plaintiff claims that after he began to file grievances over the denial of medical treatment, Defendant McAbee issued a false disciplinary ticket against him on April 10, 2011. Defendant McAbee then directed the hearing committee (consisting of Defendants Pitts and Burton) to find Plaintiff guilty and give him the maximum punishment because of his activity in filing grievances (Doc. 1, pp. 3-5). During the hearing, Plaintiff was not permitted to present documentary evidence in his defense. The committee found Plaintiff guilty and sanctioned him

with 6 months in segregation, loss of 6 months good conduct credit,[1] and a disciplinary transfer (Doc. 1, pp. 6, 16).

Soon after, Plaintiff was transferred to Pontiac, where he remained in segregation for several more months. He complains that while in segregation, he was not allowed to receive prompt follow-up care for medical problems he experienced after undergoing an operation; was forced to eat food containing soy, which made him ill; developed an eye infection due to exposure to black mold; was denied sufficient exercise; and was housed in an unsanitary cell (Doc. 1, pp. 6-8).

Plaintiff also claims that he was diagnosed by an outside specialist with "Peyroneis disease"[2] and a "severe urethral stricture" (Doc. 1, p. 2). The specialist prescribed vitamin E capsules and surgery. However, Defendant Doctor Santos denied Plaintiff the prescribed vitamin E (Doc. 1, pp. 2-3; 9-10). Defendant Krebs (the Health Care Unit Administrator) also denied the vitamin E because it was not an approved prescription, and told Plaintiff to buy multi-vitamins at the commissary (Doc. 1, p. 10). Unfortunately, the multi-vitamins contained no vitamin E, and Plaintiff thus could not get that prescribed remedy. Plaintiff did ultimately have surgery.

In addition to damages, Plaintiff requests injunctive relief in the form of a transfer to a different facility, back pay, and expungement of his disciplinary ticket.

---

[1] Plaintiff may not seek damages in this § 1983 action for the loss of good conduct credits. The revocation of good time credits may be challenged in a federal habeas corpus action pursuant to 28 U.S.C. § 2254, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey,* 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004).

[2] Peyronie's disease is characterized by a curved, painful erection caused by scar tissue. http://www.mayoclinic.com/health/peyronies-disease/DS00427 (last visited August 21, 2012).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants McAbee, Pitts, and Burton for retaliation (Count 1) and deprivation of a liberty interest without due process (Count 2), and against Defendants Santos and Krebs for deliberate indifference to medical needs (Count 3). However, to the extent that Plaintiff may be asserting an Eighth Amendment claim regarding the conditions of his confinement at Pontiac, such a claim is not reviewable herein. Should Plaintiff wish to pursue that matter, he must bring the claim in the Central District of Illinois, where the claim arose and where the Pontiac defendants are located.

The claims against Defendants Robert, Taylor, Gaetz, and Godinez are dismissed on initial review because the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Likewise, Defendant Benton shall be dismissed, because she merely reviewed and concurred with the denial of Plaintiff's grievances. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Plaintiff has not alleged that any of these Defendants were "personally responsible for the deprivation of a constitutional right." *Id.* Accordingly, these Defendants shall be dismissed with prejudice.

Plaintiff makes no allegations in the body of his complaint against Defendants Unknown Party (Utilization Review Board), or Wexford Health Services, Inc., thus, he fails to state a claim against them. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, these Defendants shall also be dismissed, but without prejudice.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the

sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)). Plaintiff's claims in Counts 1 and 2 against Defendants McAbee, Pitts, and Burton for retaliation and deprivation of a liberty interest without due process are unrelated to the deliberate indifference claims in Count 3 against Defendants Santos and Krebs. Therefore, the claims in Count 3 shall be **SEVERED** into a new case as outlined below.

**Disposition**

**IT IS HEREBY ORDERED** that Defendants **ROBERT, BENTON, TAYLOR, GAETZ,** and **GODINEZ** are **DISMISSED** from this action with prejudice. Defendants **UNKNOWN PARTY** and **WEXFORD HEALTH SERVICES, INC.,** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's deliberate indifference claim (**COUNT 3**), which is unrelated to the retaliation and due process claims, is **SEVERED** into a new case. That new case shall be: Claim against **DEFENDANTS SANTOS** and **KREBS** for deliberate indifference to medical needs. The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In the new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order
(2) The Original Complaint (Doc. 1)
(3) Plaintiff's motion to proceed *in forma pauperis* (Doc. 2)

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly opened case, he must notify the Court in writing on or before September 21, 2012. Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, he will be

responsible for an additional filing fee in the new case. Service shall not be ordered on Defendants Santos or Krebs until after the deadline for Plaintiff's notification.

The Clerk is **DIRECTED** to correct the docket sheet notation on **DEFENDANT KREBS**, to reflect that she is the "HCU Administrator, Centralia CC" (*See* Doc. 1, p. 1).

As to **COUNTS 1 and 2**, which remain in the instant case, the Clerk of Court shall prepare for Defendants **McABEE, PITTS,** and **BURTON** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 22, 2012**

*s/J. Phil Gilbert*
**United States District Judge**