IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES DOLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-00819-JPG-PMF |
| ) | |
| BRAD ROBERT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on Defendants Mark Burton, Ted McAbee, and Chris Pitts' Motion (Doc. 84) to Reconsider the Court's Memorandum and Order (Doc. 77). Plaintiff filed a Motion (Doc. 85) to Strike & Deny Defendants' Motion to Reconsider. The Court will construe Plaintiff's Motion to Strike as a response because Federal Rule of Civil Procedure 12(f) allows motions to strike with regard to pleadings and not with regard to motions. Plaintiff also filed an addendum to his response (Doc. 86).

1. **Background.**

On July 20, 2012, Plaintiff filed a lawsuit pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated at Centralia Correctional Center ("Centralia"). The complaint alleged that the Plaintiff was denied due process and was retaliated against by being placed in segregation due to a letter he had written to the Illinois Secretary of State. There is some dispute on whether the letter was actually mailed, but regardless, the letter contained the statement that, "failure to provide this will not only disrupt judicial proceedings/obstruct justice, it could result in loss of life killing several people easily."

Plaintiff claims that "killing several people easily" was referring to him and his family whom he states was at risk because he was unable to care for them while he was in prison. Plaintiff testified in

his deposition that the letter was never meant as a threat – he was just trying to convey the urgency of the information he needed for his habeas corpus petition.

Prison staff became aware of the letter and plaintiff was placed in segregation. After he left segregation, he was served with a disciplinary report based on the letter and a hearing was held. At the hearing, two of the prison officials stated that the disciplinary report was a "bullshit ticket;" however, one other prison official stated that the Plaintiff should be found guilty and they should "max him out."

The plaintiff was found guilty and given six months in segregation along with a reduction of six months good time credit. He was placed back into segregation and was later transferred to Pontiac Correctional Center ("Pontiac"). Once at Pontiac, the disciplinary report was reviewed by the Pontiac Prison Review Board. Pontiac did not have the authority to dismiss the report, but they removed him from segregation and reinstated his good time credits.

Plaintiff then filed a Petition of Mandamus against the Illinois Department of Corrections ("IDOT") and various members of IDOT in an effort to expunge the disciplinary report. The Petition of Mandamus was denied because the court found that the plaintiff's due process rights were not violated. The denial of the petition was upheld on appeal.

While the mandamus petition was pending in Illinois state court, the plaintiff filed the current lawsuit in federal court. The Defendants moved for summary judgment based on res judicata. This Court found that the due process claim was barred by res judicata, but that the Plaintiff could proceed with this retaliation claim. Defendants now ask the Court to reconsider its finding that Plaintiff's retaliation claim was not barred by res judicata.

2. **Standard.**

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances

such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007). "Not to reconsider in such circumstances would condemn the parties to the unedifying prospect of continued litigation when they knew that a possibly critical ruling was in error and, unless it became moot in the course of the proceedings, would compel a reversal of the final judgment at the end of the case." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006).

**3. Analysis.**

Defendants cite to *Walczak v. Chicago Bd. Of Education*, 739 F.3d 1013 (7th Cir. 2010), which held:

> The principle that res judicata extends to all matters within the purview of the original action, whether or not they were actually raised, is tantamount to a rule requiring parties to consolidate all closely related matters into one suit. (*quoting Hagee v. City of Evanston*, 729 F.2d. 510, 514 (7th Cir. 1984).

The Court went on to state that a party may not "maintain two suits based on the same set of facts" by altering the claim for relief or presenting different theories.  *Id.*  "Additionally, and significantly, for purposes of a section 1983 action, the rule of *res judicata* applies to those issues actually litigated *as well as those that could have been but were not litigated in the state court proceedings.*"  *Licari v. City of Chicago*, 298 F.3d 664, 667 (7th Cir. 2002)(*italic in original*).

Illinois applies the "transaction" test to determine whether there exists an identity of actions.  The R & R outlined the elements of the transaction test and applied it to the facts of this matter.  The R & R determined that, "there is clearly an identity of cause of action for the denial of due process claim," but stated that the retaliation claim could not have been litigated in the mandamus action relying on 735 ILCS 5/14-103.

735 ILCS 5/14-103 provides that, "no matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim, or otherwise."  However, as the defendants point out, that provision applies solely to default judgments and was not applicable to this case.  The transaction test set out in the R & R demonstrates that both the due process and the retaliation claim have identity of cause of action for res judicata.

Plaintiff argues that res judicata does not apply and cites to *Hiley v. United States,* 807 F.2d 623 (7th Cir. 1986) which held:

> Where, as here, the denial of the petition is based not on the merits of the dispute, but rather on the limitations inherent in the extraordinary nature of the writ, such a denial does not preclude examination of the merits of the questions presented in the mandamus petition under the doctrines of res judicata or law of the case (unless perhaps those questions were actually decided by the denial).  *Id.* at 625-626 (*internal citations omitted*).

*Hiley* is not applicable to this case as the denial of the Plaintiff's mandamus petition was based on the merits and not the limitations of the nature of the writ.  Plaintiff also cites to *Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75 (1984), but that case held that a "Section 1983 does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims." *Id.* at 893.  As such, it supports res judicata in a 1983 action.

*Migra* also does not, as plaintiff claims, support Plaintiff's position that, "Plaintiff could NOT bring U.S. const. violation claims in a mandamus requesting compensation for pain, suffering, injury & monetary awards the court did NOT have jurisdiction." (Doc. 85, pg 2).  Plaintiff's argument that mandamus actions are restricted and therefore, he could not bring a claim of damages is unfounded because, "[u]nder Illinois law, the Wozniaks not only could but should have joined their damage claim under Section 1983 with their mandamus claim in state court." *Wozniak v. DuPage County*, 845 F.2d 677, 681 (7th Cir. 1988).

"Res judicata is designed to ensure the finality of judicial decisions because it 'encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.'"  *Id. at* 680.  Upon reconsideration, 735 ILCS 5/14-103 did not bar plaintiff from bringing the retaliation claim in state court and it is clear from the relevant case law that plaintiff was required to bring the retaliation claim along with his due process claim.

Finally, Plaintiff argues that the Defendants' Motion for Reconsideration is untimely and as such, any arguments with regard to res judicata on the retaliation claim are waived.  Res judicata is an affirmative defense that can be waived if not raised. *Rekhi v. Wildwood Industries, Inc.*, 61 F.3d 1313, 1315 (7th Cir. 21995).  However, the defendants in this matter did raise the issue on summary judgment and this court erroneously denied the motion.  "Res judicata, like most defenses (statute of limitations is another example), would have no function if all it did was

bar meritless suits; so it remains available as a defense even when the plaintiff, having survived summary judgment, goes on to win a judgment on the merits. . . . Defenses are not extinguished merely because (they are) presented and denied at the summary judgment stage." *Id.* at 1318. As such, defendants have only waived the defense if they fail to renew it at trial.

The Court agrees that Defendants' motion is untimely. However, "[n]ot to reconsider in such circumstances would condemn the parties to the unedifying prospect of continued litigation when they knew that a possibly critical ruling was in error and, unless it became moot in the course of the proceedings, would compel a reversal of the final judgment at the end of the case." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006).

This Court's denial of defendants' motion for summary judgment based on res judicata was in error and will not become moot in the course of these proceedings. Further, if not addressed, it would require the parties to continue litigation when they knew that a critical ruling with regard to the retaliation claim was in error.

4. **Conclusion**.

Based on the above, Defendants Mark Burton, Ted McAbee, and Chris Pitts' Motion (Doc. 84) to Reconsider the Court's Memorandum and Order (Doc. 77) is **GRANTED**. Defendants' Motion for Summary Judgment with regard to the retaliation claim is **GRANTED** and Count 1 is **DISMISSED** with prejudice. No other claims remain in this matter. As such, this matter is **DISMISSED** with prejudice.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 2/8/2016          *s/J. Phil Gilbert*
                         **J. PHIL GILBERT**
                         **DISTRICT JUDGE**